UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Scott Nolan King,

          Plaintiff,

vs.                      REPORT AND RECOMMENDATION

Lynn M Dingle, Individual
and Official Capacity, Greg J.
Lindell, Craig S. Oseland,
Steve Hamann, and Stacy
Corbo in their Individual
Capacities,

          Defendants.     Civ. No. 08-5922 (ADM/RLE)

* * * * * * * * * * * * * * * * * *

      This matter came before the undersigned United States Magistrate Judge upon a routine supervision of cases assigned to this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

      The action was commenced on November 6, 2008, by the filing of a Complaint with the Clerk of Court. See, Docket No. 1. On May 26, 2009, it having appeared that one hundred and twenty (120) days had passed, and the Defendant Stacy Corbo ("Corbo") had not been served with the Complaint and Summons, as required by Rule

4(m), Federal Rules of Civil Procedure, this Court issued an Order, which stated as follows:

> That the Plaintiff is directed to show good cause, in writing, within twenty (20) days of the date of this Order, for an extension of time in which service can be effectuated. In the absence of good cause shown, the Court shall Recommend that this action be dismissed for failure to effect proper service on the Defendant Stacy Corbo and for failure of prosecution.

Docket No. 19. On June 3, 2009, the Plaintiff responded to our Order by stating that he did not possess an alternative address, or any other information, so as to enable the proper service of process upon Corbo. See, Docket No. 21.

However, it is the Plaintiff's responsibility to provide a proper address to effectuate service of process, and attempts to effectuate service cannot be considered good cause to grant an extension of time for that service. See, Atkinson v. Frank, 998 F.2d 1018, 1018 (8th Cir. 1993)(determining that the plaintiff's "error was inadvertent and that her counsel's attempt" to serve the defendant did not constitute good cause)[Table Opinion]; Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for

service on [the defendants]."), cert. denied, 510 U.S. 875 (1993). Furthermore, the Plaintiff has not requested an extension of time in which to effectuate service.

Accordingly, we find that the Plaintiff has failed to abide by the terms of our Order of May 26, 2009. Since we have previously warned the Plaintiff of the potential consequences for a failure to timely serve Corbo, and to abide by the Orders of this Court, we recommend that this action be dismissed as to Corbo, but without prejudice, for failure to comply with this Court's Order of May 26, 2009, for failure to effect proper service on Corbo, and for lack of prosecution.

In addition, on January 19, 2009, the Plaintiff filed a Motion for Declaration Entry of Default against all Defendants. See, <u>Docket No. 12</u>. The Plaintiff contends that the Defendants have failed to file an Answer, or otherwise respond to his Complaint, within twenty (20) days of service, as required by Rule 12(a)(1)(A), Federal Rules of Civil Procedure ("[A] defendant shall serve an answer * * * within 20 days after being served with the summons and complaint."). According to the Plaintiff, the Defendants were served with a copy of the Complaint on November 7, 2008, and a copy of the Summons on November 24, 2008. <u>Id.</u>

As a result, the Plaintiff argues that, as of January 19, 2009, the Defendants had been given almost fifty (50) days to respond to the Complaint, but that, nonetheless,

they have failed to file any response. Id. In addition, the Plaintiff requests that we enter a Default Judgment against the Defendants. Id. Despite the Plaintiff's arguments to the contrary, we recommend that the Plaintiff's Motion for Default be denied as moot.

According to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." A Judgment of default may, thereafter, be entered on application to the Court. See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); United States v. Woods, 2004 WL 790332 at *3 (D. Minn., March 31, 2004)("Rule 55(b)(2) commits the entry of a default judgment to the discretion of the district court."), citing FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977); see also, Harris v. St. Louis Police Dept., 164 F.3d 1085, 1086 (8th Cir. 1998).

Here, we find that the Record does not support the Plaintiff's contention that the Defendants were served with the Complaint on November 7, 2008, and with the

Summons on November 28, 2008.[1] See, Docket No. 12. Instead, the Record reveals that the all of the Defendants, with the exception of Corbo, were served with the Summons and the Complaint on March 31, 2009. See, Docket No. 14. Subsequently, on April 16, 2009, all of the Defendants, except Corbo, filed an Answer to the Complaint. See, Docket No. 17. Since the Defendants, with the exception of Corbo, filed a responsive pleading within the time allowed by Rule 12(a)(1)(A), Federal Rules of Civil Procedure, we recommend that the Plaintiff's Motion for Declaration of Default be denied as moot. Further, an entry of default as to Corbo is precluded by the Plaintiff's failure to serve her with process.

NOW THEREFORE, It is --

---

[1]We also note that the Plaintiff has not preceded his request for Default Judgment with an Application for Default with the Clerk of Court. Accordingly, since the Plaintiff failed to file an application for an Entry of Default by the Clerk of Court, alternatively, we could recommend that the Plaintiff's request for a Default Judgment be denied. See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998); Armstrong v. Astrue, 569 F. Supp.2d 888, 895 n. 6 (D. Minn. 2008) [Citations omitted]. However, since we recommend that the Plaintiff is not entitled to the Entry of a Default, we need not further address his request for a Default Judgement.

RECOMMENDED:

1. That this action be dismissed without prejudice, as to the Defendant Stacy Corbo, for the Plaintiff's failure to comply with this Court's Order of May 26, 2009, for failure to effect proper service on the Defendant Stacy Corbo, and for lack of prosecution.

2. That the Plaintiff's Motion for Declaration of Default [Docket No. 12] be denied as moot.

BY THE COURT:

Dated: June 25, 2009    *s/Raymond L. Erickson*
                        Raymond L. Erickson
                        CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 13, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 13, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.